IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| ALVIN JACKSON : | |
|     Petitioner : | |
| : | |
| v. : | Civil Action No. L-06-514 |
| : | |
| WARDEN JAMES SMITH and : | |
| THE ATTORNEY GENERAL OF THE : | |
|  STATE OF MARYLAND : | |
|     Respondents : | |

**MEMORANDUM**

Now pending is Alvin Jackson's ("Jackson") Petition for Writ of Habeas Corpus. For the reasons stated below, by separate Order the Court DISMISSES Jackson's Petition as time-barred.

**I.     BACKGROUND**

On March 8, 1989, in the Baltimore City Circuit Court, Jackson pleaded guilty to first degree rape, first degree sex offense, and use of a handgun. He was sentenced to more than two consecutive life terms. In June 1989, Jackson appealed the entry of his guilty plea, which the Maryland Court of Special Appeals denied. On October 10, 1990, Jackson filed for post-conviction relief with the Circuit Court. On January 18, 1991, after briefing and oral argument, the Circuit Court denied his petition.

In May 1994, Jackson filed his first federal habeas corpus petition that attacked his 1989 state conviction under 28 U.S.C. § 2254. See Jackson v. Smith, Civil Action No. L-94-1336 (D. Md.). On June 8, 1994, the Court dismissed Jackson's petition without prejudice because he had failed to exhaust his state court remedies. On February 23, 2006, Jackson filed this, his second federal habeas petition, which again attacks his 1989 state conviction under § 2254. Finding the

Petition barred by the statute of limitations, the Court ordered the parties to answer only the issues of statutory and equitable tolling.[1]

## II.     ANALYSIS

### A.     Jackson's Petition is Statutorily Time-Barred

Jackson's conviction became final in July of 1989, when the 30-day time period for seeking leave to appeal expired.  See Md. Code Ann., Cts. & Jud. Proc. § 12-302(e); Md. Rule 8-204(a) & (b); Frasch v. Peguese, 414 F.3d. 518, 521 (4th Cir. 2005).  Because Jackson's conviction was finalized before the effective date of Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Jackson had until April 24, 1997 - one year after ADEPA's effective date - to attack his conviction.  See Brown v. Angelone, 150 F.3d 370, 374-75 (4th Cir. 1998) (one-year grace period for habeas corpus petitioner whose convictions became final prior to ADEPA's April 24, 1996 enactment date); Hernandez v. Caldwell, 225 F.3d 435, 439 (4th Cir. 2000) (§ 2244(d) one-year limitation period expires on April 24, 1997).

Jackson did not file for relief until February 2006, almost nine years after the limitation period's expiration date.   While § 2244(d)(2) provides for statutory tolling of the limitation period while state post-conviction proceedings are pending, no such proceedings were pending in the Maryland courts on or after April 24, 1996.  Therefore, the Petition is not entitled to statutory tolling.  (Nor does Jackson so argue.)

---

[1] "Tolling" a statute means to delay, suspend, or hold off the statute's effect.  See http://dictionary.law.com/default2.asp?typed=toll&type=1.

B.   **Jackson's Petition is not Subject to Equitable Tolling**

Jackson does argue that equitable tolling applies. He states that the Circuit Court "intercepted [his] petition for leave to appeal and denied it, denying [him] access to the court of [S]pecial [A]ppeals and to the courts as a whole."[2] (Docket No. 4 at 5, § 14; see also Docket No. 11). As best as the Court can discern, in February 1991 Jackson filed an application for leave to appeal with the Baltimore Circuit Court judge who had just denied him post-conviction relief, instead of with the Clerk's office, as is customary.[3] See Md. Rule 1-322(a) (pleadings must be filed with clerk of the court, although judge may accept filing). For unclear reasons, the judge neither accepted the application for filing, nor forwarded it to the Clerk. Instead, Jackson was informed that the Judge "ha[d] dealt with each of the issues [Jackson] raise[d] either at the hearing held November 9, 1990 or in the opinion which issued subsequently. There [would] be no appeal of those rulings at this stage."[4] Jackson argues that these circumstances warrant equitable tolling.

The one-year limitation period under § 2254 is subject to equitable tolling. See Rouse v. Lee, 339 F.3d 238, 246-47 (4th Cir. 2003), cert. denied, 541 U.S. 904 (2004); Harris v. Hutchinson, 209 F.3d 325, 328 (4th Cir. 2000). Equitable tolling applies in "those rare instances where – due to circumstances external to the party's own conduct – it would be unconscionable to enforce the limitation period against the party and gross injustice would result." Harris, 209

---

[2]   Jackson explains that he filed for leave to appeal in January of 1991, and the post-conviction judge, not the appellate court, disposed of his appeal in February of 1991. (Docket No. 4 at 7, § 16; Paper No. 1 at Attachment).

[3]   Id.

[4]   Id.

F.3d at 330.  These rare instances are restricted to "extraordinary circumstances" when a petitioner presents (1) extraordinary circumstances, (2) beyond his control or external to his own conduct, (3) that prevented him from filing on time.[5]  Rouse, 339 F.3d at 246.

Jackson cannot satisfy these strict requirements.  First, Jackson's misfiling of his application plainly does not fall into the category of "extraordinary circumstances."  Even if the Court viewed the Circuit Court's refusal to file Jackson's application as "extraordinary" and "beyond Jackson's control," this alleged procedural defect never prevented Jackson from filing for timely relief.  Jackson always possessed the power to renew his objection to the Circuit Court's alleged error, or to otherwise again challenge his underlying state court conviction.[6]

Jackson never did so, and moreover cannot satisfactorily explain the inordinate delay in filing this petition.  See Bilodeau v. Angelone, 39 F.Supp.2d 652, 659 (E.D. Va. 1999) (declining to enlarge time for filing petition where petitioner failed to provide a reason for excessive delay).  Jackson himself first recognized the alleged defect in February 1991.  Yet he has allowed fifteen years to lapse before he moved to correct it.  Cf. Baldwin County Welcome Ctr. v. Brown, 466

---

[5]  The reasoning behind this test's stringency was amply explained in Harris v. Hutchinson: "[A]ny invocation of equity to relieve the strict application of a statute of limitations must be guarded and infrequent, lest circumstances of individualized hardship supplant the rules of clearly drafted statutes. To apply equity generously would loose the rule of law to whims about the adequacy of excuses, divergent responses to claims of hardship, and subjective notions of fair accommodation. We believe, therefore, that any resort to equity must be reserved for those rare instances where-due to circumstances external to the party's own conduct-it would be unconscionable to enforce the limitation period against the party and gross injustice would result." Rouse v. Lee, 339 F.3d 238, 246 (4th Cir. 2003) (quoting Harris v. Hutchinson, 209 F.3d 325, 330 (4th Cir.2000).

[6]  Respondents correctly observe that prior to October 1, 1995, Jackson could have filed a second petition for post-conviction relief under Maryland law. (Docket No. 10 at 7).  Thus, when Jackson's first § 2254 Petition was dismissed for the failure to exhaust in June of 1994, he had more than one year within which to file a second post-conviction petition.

U.S. 147, 151 (1984) ("One who fails to act diligently cannot invoke equitable principles to excuse that lack of diligence."). Consequently, the Court declines Jackson's invitation to equitably toll the one-year statute of limitations.

### III.  CONCLUSION

For the foregoing reasons, by separate Order the Court DISMISSES Jackson's Writ as time-barred.

Dated this 28th day of September 2006.

/s/
_____
Benson Everett Legg
Chief Judge